# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6289 | **DATE** | 9/29/2003 |
| **CASE TITLE** | Brewton, et al. vs. City of Harvey, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order granting in part and denying in part defendants' motion to dismiss (5-1). The motion is denied as to Counts I and II and granted as to Count III. Defendants' request to sever plaintiffs' claims pursuant to Rule 21 is also granted. Discovery is ordered closed on 1/31/04. Pretrial order will be due by 2/27/04; and response to any motions in limine by 3/12/04. Pretrial conference set for 3/26/04 at 3:00 p.m. and trial set for 4/12/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | SEP 3 0 2003 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | *pmb* | 22 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 9/29/2003 | |
| | | date mailed notice | |
| MPJ | courtroom deputy's initials | MPJ | |
| | | mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE BREWTON, et al.,    )
                           )
         Plaintiffs,       )
                           )
    v.                     )
                           )   No.  02 C 6289
CITY OF HARVEY and NICHOLAS GRAVES,  )
                           )
         Defendants.       )

DOCKETED
SEP 3 0 2003

## MEMORANDUM OPINION AND ORDER

George Brewton and eighteen other plaintiffs filed a three-count complaint against the City of Harvey ("City") and its mayor, Nicholas Graves, alleging that plaintiffs had been terminated from their positions as city employees based on their race and their support for former Harvey mayor David Johnson. Count I, alleging unlawful termination based on race, was brought under 42 U.S.C. §§ 1981, 1983. Count II, alleging unlawful termination for exercising their first amendment right to support the former mayor, was brought under 42 U.S.C. § 1983. Count III, alleging unlawful racial discrimination, was brought against the City only, and was brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Defendants' motion to dismiss argues that plaintiffs' claims are barred by *res judicata* or collateral estoppel based on a previous class action against the City, and that plaintiffs' claims are time-barred. In the alternative, defendants request that I sever the plaintiffs' claims pursuant to



Fed. R. Civ. P. 21, or require separate trials pursuant to Fed. R. Civ. P. 42(b). I deny the motion to dismiss as to Counts I and II, grant the motion to dismiss as to Count III, and grant the request to sever.

I. Motion to Dismiss

On a motion to dismiss, I take all allegations in the complaint as true. *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 401 (7th Cir. 1996). The facts as alleged by plaintiffs are as follows. Plaintiffs, all of whom are African-American, were city employees and supporters of longtime Harvey mayor David Johnson. Mr. Johnson is also African-American. On April 4, 1995, Mayor Johnson lost a reelection bid to Harvey Chief of Police Nicholas Graves, who is white. Within days of taking office, Mayor Graves terminated most of the plaintiffs from their positions under the guise of budget cuts. Other plaintiffs were given the ultimatum to resign or face termination. Some of these plaintiffs resigned and others were terminated. In addition, Mayor Graves reinstated city employees who had been terminated under Mayor Johnson's tenure, and rescinded disciplinary actions pending against his political supporters. Further, Mayor Graves ignored city ordinances requiring city employees to reside in Harvey, reinstating political supporters who had been terminated or suspended for residency violations and hiring others from outside Harvey. In 1995, a class action was filed against Mayor Graves and

the City of Harvey (as well as other defendants) alleging wrongful termination of city employees based on race and their support of former Mayor Johnson. *Barner v. City of Harvey,* No. 95 C 3316 (N.D. Ill. filed June 5, 1995) (Guzman, J.) ("*Barner* action"). Plaintiffs here were putative class members. The case went to a jury and a verdict was returned in defendants' favor. *Barner* (Nov. 21, 2001) (order entering judgment on the verdict).[1]

## A. Preclusion

Defendants argue that plaintiffs' claims are barred by *res judicata* and/or collateral estoppel. Defendants argue that the jury verdict in the *Barner* action decided the same issue between the same parties as the present case. While the *Barner* action was a class action involving alleged racial and political affiliation discrimination following the 1995 election and in which plaintiffs and defendants were parties, that action is not preclusive of plaintiffs' complaint. The Supreme Court has held that a judgment in a class action determining that an employer did not engage in a general pattern or practice of discrimination against a certified class of employees does not preclude a class member from maintaining a subsequent civil action alleging an individual claim of discrimination. *Cooper v. Fed. Reserve Bank of Richmond,* 467

---

[1] I may properly consider public court documents in deciding a motion to dismiss without converting the motion to one for summary judgment. *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994).

3

U.S. 867 (1984). The verdict in the *Barner* action was limited to "a finding of no pattern or practice of discrimination." *Barner* (May 13, 2002) (order clarifying meaning of judgment). Judge Guzman expressly stated that the verdict constitutes "a rejection of the claim of class wide discrimination but does not extinguish the individual claims of discrimination asserted either by the named parties or the unnamed class members." *Id* (citing *Cooper*). I agree with Judge Guzman's reading of *Cooper* and his assessment of the preclusive effect of the *Barner* action verdict. Plaintiffs' claims here are not barred by *res judicata*.

With respect to collateral estoppel, the issue of whether defendants engaged in a pattern or practice of discrimination was decided in the *Barner* action, and if plaintiffs sought to relitigate that issue here, those claims would be precluded. *Cooper*, 467 U.S. at 880. Plaintiffs say, however, that they are not pursuing pattern or practice claims here. (Pl.'s Resp. to Def.'s Mot. to Dismiss at 11). Defendants also argue that Judge Guzman's finding that "defendants have established a legitimate nondiscriminatory reason for the actions" with respect to disparate impact claims in the *Barner* action are preclusive on the issue of pretext. *Barner* (May 22, 2002) (order entering judgment for defendants as to disparate impact claim). That finding, however, was limited to the practice of terminating employees based solely on job title (as opposed to qualifications of employee), which

plaintiffs had alleged resulted in a disparate impact on African-American employees. *Id.* That defendants had a legitimate nondiscriminatory reason for engaging in that practice, while potentially relevant, *see Cooper*, 467 U.S. at 880, is not necessarily dispositive as to whether defendants had a legitimate nondiscriminatory reason for terminating the individual plaintiffs here. As dismissal is proper "only where it appears beyond a doubt that the plaintiffs can prove no set of facts in support of their claims that would entitle them to relief," *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429-30 (7th Cir. 1996), dismissal on the collateral estoppel grounds asserted by defendants is denied.

B. Statutes of Limitations

Defendants argue that all of plaintiffs' claims are time-barred. Count I of plaintiffs' complaint alleges racial discrimination in violation of sections 1981 and 1983. The statutes of limitations for claims under those sections are borrowed from the forum state's statute of limitations for personal injury actions. *Jones v. R.R. Donnelley & Sons Co.*, 305 F.3d 717, 728 (7th Cir. 2002) (section 1981); *Mitchell v. Donchin*, 286 F.3d 447, 450 n.1 (7th Cir. 2002) (section 1983). Thus, in Illinois, the statute of limitations for claims under those sections is two years. *Jones*, 305 F.3d at 728; *Mitchell*, 286 F.3d at 450 n.1. Count II alleges discrimination on the basis of political

5

affiliation in violation of § 1983. This count, therefore, also has a two-year statute of limitations. Count III alleges racial discrimination in violation of Title VII. Filing a charge with the EEOC is a prerequisite to bringing suit under Title VII. *Chambers v. American Trans Air, Inc.*, 17 F.3d 998, 1003 (7th Cir. 1994) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44 (1974)). An EEOC charge must be filed, at the latest, within 300 days after the alleged unlawful employment practice occurred, 42 U.S.C. § 2000e-5(e)(1), and a civil complaint must be brought within 90 days of receiving a right to sue letter, 42 U.S.C. § 2000e-5(f)(1).

### 1. Tolling

Plaintiffs argue that their complaint is timely because the statute of limitations was tolled during the pendency of the class action. The Supreme Court has held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54 (1983) (quoting *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974)). The Court noted that such a rule protects the policies behind the class action procedure--efficiency and economy of litigation--because the opposite rule would encourage each class member to file his own individual suit to preserve his claims should the class action fail to proceed. *Id.* at 349 (citing *American Pipe*, 414 U.S. at 553). Further, the Court noted that this rule would not injure the

policies behind statutes of limitations--putting defendants on notice of adverse claims and preventing plaintiffs from sleeping on their rights--because such ends are met when a class action is filed. *Id.* at 352-53 (citing *American Pipe,* 414 U.S. at 555, 561).

*Crown, Cork & Seal* and *American Pipe* both involved plaintiffs who had been putative members of a proposed class, certification of which was ultimately denied. While the Court in *Crown, Cork & Seal* held that the statute of limitations remained tolled "until class certification is denied," 462 U.S. at 354, the tolling rule is not limited to situations in which class certification is ultimately denied. *Realmonte v. Reeves,* 169 F.3d 1280, 1284 (10th Cir. 1999) ("[T]here are a number of cases in which the tolling rule of *American Pipe* has been applied when a class action has been certified."); *Tosti v. City of Los Angeles,* 754 F.2d 1485, 1488 (9th Cir. 1985) ("Although the facts in both *Crown, Cork & Seal* and *American Pipe* involved decertification of the underlying class action, whereas in this case certification was granted, the Supreme Court has made clear that such a distinction is not controlling."). Here, a class was certified and trial proceeded on "pattern or practice" discrimination claims against the defendants. Pattern or practice class actions typically proceed in two phases. *See Int'l Bhd. of Teamsters v. United States,* 431 U.S 324 (1977). In the first (liability) phase, the issue of whether an employer has engaged in a forbidden pattern or practice of discrimination is

7

determined. In the second (remedial) phase, should a forbidden pattern or practice be found, individual relief is determined.

Here, a verdict was returned in defendants' favor after the liability phase. Although a class was certified and defendants successfully defeated the class pattern or practice claims, the limitations periods for class members' individual claims of discrimination were tolled until the final adverse determination of the class claims. *Edwards v. Boeing Vertol Co.*, 717 F.2d 761, 766 (3d Cir. 1983) *vacated and remanded for further consideration in light of Cooper by* 468 U.S. 1201 (1984), *reinstated by* 750 F.2d 13 (3d Cir. 1984). Up until that point, class members were entitled to rely on named plaintiffs to pursue litigation on their behalf. Not permitting tolling of the statute of limitations on individual claims during the liability phase would frustrate the purposes of the class action device for the same reasons discussed in *Crown, Cork & Seal* and *American Pipe*. If class members' claims were not tolled, each class member would be forced either to intervene in the class action or file individual protective suits to prevent the running of the statute. Further, as in *Crown, Cork & Seal* and *American Pipe*, the purposes of statutes of limitation are not frustrated by permitting tolling during the pendency of the liability phase of a pattern and practice class action. Defendants here were clearly on notice of the adverse claims against them, and plaintiffs cannot be accused of sleeping on their rights when a

class action was proceeding on their behalf. The limitations periods for plaintiffs' individual discrimination claims were tolled during the pendency of the class action.[2]

## 2. EEOC Filing Requirements

Even though the statutes of limitations on the claims in the present suit had not run, plaintiffs still must comply with Title VII's EEOC filing requirement, at least with respect to their Title VII count. Plaintiffs here do not allege that any of them filed a complaint with the EEOC. Instead, they invoke the single-filing rule to piggyback on the timely-filed EEOC charges of the named plaintiffs in the *Barner* action. The single-filing rule excuses, in certain circumstances, plaintiffs in a Title VII case from the procedural requirements of filing a charge with the EEOC and receiving a right to sue letter before commencing a civil suit. *Zuckerstein v. Argonne Nat'l Lab.*, 663 F. Supp. 569, 572 (N.D. Ill. 1987) (Moran, J.). There is little discussion in the Seventh Circuit of the single-filing rule, while other circuits have explored the issue more fully. *See id.* at 573 ("[T]he clear trend

---

[2] In addition to the Third Circuit's opinion in *Edwards*, at least one treatise indicates that the tolling rule of *Crown, Cork & Seal* applies to the *Cooper* situation in which individual discrimination claims survive an adverse class ruling on pattern or practice. Charles A. Sullivan et al., Employment Discrimination § 32.4 (2d ed. 1988) ("While *Cooper* demonstrates that a class action may narrow individual rights, it is also possible for the mere existence of a class action to expand such rights because the individual plaintiff may rely on a pending class action to toll the applicable limitations period. The Supreme Court recognized this in *Crown, Cork and Seal Co. v. Parker*.").

9

in the other circuits is to recognize the single-filing rule, at least under appropriate circumstances."). It is clear that as class members in the *Barner* action, plaintiffs were entitled to rely on the named plaintiffs' timely filing of EEOC charges, as each member of a class action is not required to file individual EEOC complaints once one member of the class has done so. *Romasanta v. United Airlines, Inc.*, 537 F.2d 915, 918 (7th Cir. 1976). The issue here is whether plaintiffs in this action can continue to piggyback on the timely-filed EEOC charges of the named plaintiffs in the *Barner* action.

Plaintiffs cite only one case in which a plaintiff who had not filed a timely EEOC charge was able to apply the single filing rule and piggyback on to the timely filed EEOC charge of a plaintiff in a completely different lawsuit. *Calloway v. Partners National Health Plans,* 986 F.2d 446 (11th Cir. 1993). That case does not stand for the general proposition that a plaintiff who does not file an EEOC charge can piggyback on the timely-filed EEOC charge of a plaintiff in a separate suit, even when the suits arise out of similar discriminatory treatment in the same time frame.[3] The

---

[3] In *Calloway*, the plaintiff who had not filed an EEOC charge filed his own suit only after he had unsuccessfully attempted to intervene in the lawsuit of a plaintiff who had timely filed an EEOC charge. The Eleventh Circuit had previously extended the single filing rule to apply to plaintiffs in multi-plaintiff non-class action lawsuits in which at least one co-plaintiff had filed a timely EEOC charge. Thus, the plaintiff in *Calloway* would have received the benefit of the single filing rule had he successfully been able to intervene. Not wanting to distinguish between a

10

Seventh Circuit has never applied the single filing rule to allow piggybacking onto a timely-filed EEOC charge in a separate law suit, and Judge Moran in *Zuckerstein* expressly held that "at least one complying plaintiff *must be a party to the suit.*" 663 F. Supp. at 574 (emphasis added). Because none of the plaintiffs party to this suit have timely filed a charge with the EEOC, their Title VII claim (Count III) is dismissed.

## II. Request for Severance

Defendants argue that even if plaintiffs' claims are not precluded or time-barred, they are misjoined and should be severed pursuant to Rule 21. Parties may join in one action as plaintiffs if they seek relief with respect to the same transaction or occurrence (or series of transactions or occurrences) and if any question of law or fact common to all the plaintiffs will arise in the action. Fed. R. Civ. P. 20(a). While all nineteen plaintiffs seek relief for alleged discrimination relating to personnel cuts subsequent to the 1995 mayoral election, and there may be some overlap of legal and factual issues among plaintiffs, I think it best to sever the cases. My refusal to dismiss Counts I and II is premised entirely on the fact that while the *Barner* action resolved claims of class discrimination, claims of individual discrimination

---

plaintiff who successfully intervenes and one who is unsuccessful, the court held that "a plaintiff, such as Calloway, who unsuccessfully moves to intervene in the lawsuit of a plaintiff who has filed an EEOC charge may invoke the single filing rule." 986 F.2d 450.

11

survived (and the relevant statutes of limitation were tolled). To allow the plaintiffs to join in one action here would blur the distinction that is crucial to allowing their individual cases to proceed in the first place. Plaintiffs' cases are to proceed separately. *See Barner v. Harvey*, No. 95 C 3316, 2003 WL 1720027, (N.D. Ill. Mar. 31, 2003) (Guzman, J.) (granting motion to sever the individual claims of the nine named plaintiffs in the *Barner* action following verdict for defendants on the pattern or practice class claims).

### III. Conclusion

Because plaintiffs' claims here are not precluded or time-barred, defendants motion to dismiss is DENIED as to Counts I and II. However, because plaintiffs failed to comply with Title VII's EEOC filing requirements, defendants motion to dismiss is GRANTED as to Count III. Further, defendants' request to sever plaintiffs' claims pursuant to Rule 21 is GRANTED.

ENTER ORDER:

*Elaine E. Bucklo* (signature)

**Elaine E. Bucklo**
United States District Judge

Dated: September 29, 2003