# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6289 | **DATE** | 5/27/2004 |
| **CASE TITLE** | Brewton, et al. Vs. City of Harvey, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying both parties' motions for reconsideration. Defendants' motion for certification under 28 U.S.C. § 1292 (b) is granted. Pretrial order to be filed by 8/16/04; and response to any motions in limine by 8/30/04. Pretrial conference set for 9/21/04 at 4:30 p.m. and trial set for 9/27/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | MAY 28 2004 date docketed | 37 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 5/27/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | MPJ | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE H. BREWTON, et al., )
)
    Plaintiffs, )
)
v. ) No. 02 C 6289
)
CITY OF HARVEY and NICHOLAS )
GRAVES, individually and in his )
official capacity, )
)
    Defendant. )



## MEMORANDUM OPINION AND ORDER

Defendants, the City of Harvey and Nicholas Graves, move this court to reconsider its September 29, 2003 Memorandum Opinion and Order ("September 29 Order") with respect to Counts I and II or, in the alternative, to certify that order for interlocutory appeal under 28 U.S.C. § 1292(b). Plaintiffs in turn move this court to reconsider its September 29 Order with respect to Count III. For the reasons set forth below, defendants' and plaintiffs' motions for reconsideration are denied. Defendants' motion for certification under 28 U.S.C. § 1292(b) is granted.

In the September 29 Order, I held that plaintiffs' claims of racial discrimination in violation of the equal protection clause (Count I) and retaliatory conduct in violation of the First Amendment (Count II) were neither precluded nor time-barred. I also held that plaintiffs' claims of racial discrimination in

violation of Title VII (Count III) were barred because plaintiffs had failed to comply with Title VII's EEOC filing requirement.

A.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd.* 736 F.2d 388 (7th Cir. 1984)). A motion for reconsideration is not an opportunity to simply reargue a previously decided issue. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Defendants argue (1) that this court has misapplied existing law in tolling the individual discrimination claims of putative class members until an adverse determination was made in the class action; (2) that the tolling offends class action policy concerns; and (3) that *res judicata* bars plaintiffs' individual claims based on a pattern or practice theory of discrimination. These arguments were addressed in the September 29 Order. With respect to the tolling issue, I specifically held that "[n]ot permitting tolling of the statute of limitations on individual claims during the liability phase would frustrate the purposes of the class action device for the same reasons discussed in *Crown, Cork & Seal* and *American Pipe*." September 29 Order at 8. With respect to the *res*

*judicata* issue, I found that the verdict in *Barner* was limited to a rejection of the class-wide claims, not individual claims. September 29 Order at 4. Defendants argue that the September 29 Order represents a misapprehension of the law. However, defendants present no new law or controlling precedent to the contrary. This court did not err in its interpretation. The statutes of limitations on plaintiffs' individual claims of discrimination were tolled until the decision against the class' pattern and practice claims, and the plaintiffs' individual claims were not precluded. Defendants' motion for reconsideration is denied.

B.

Plaintiffs also move for reconsideration of the dismissal of their Title VII claims for lack of a timely-filed charge with the EEOC. Plaintiffs argue that the ruling in *Horton v. Jackson Cty. Bd. of Cty. Comm.*, 343 F.3d 897 (7th Cir. 2003), allows them to rely on the timely-filed EEOC charge by a plaintiff in *Barner* to excuse their own lack of filing. In *Horton*, the Seventh Circuit explored the application of the "single-filing" doctrine beyond class actions and declined to apply it in a case with only two complainants. *Id.* at 900-01. The non-filing individual sought to intervene in the case of an individual who did fulfill the EEOC filing requirements, rather than attempting to file her own, separate case. *Id.* at 898. The Seventh Circuit stated in dicta that the doctrine should at the least be limited to cases where

"the claims arise from the same facts rather than merely from facts that resemble each other or are causally linked to each other." *Id.* at 901.

Like *Horton*, the present case involves individual plaintiffs rather than a class action. However, unlike *Horton*, no plaintiff in the existing case has fulfilled the EEOC filing requirements. The plaintiffs instead rely on the proper filing of a plaintiff in the *Barner* class action, from which these claims have been severed. Nothing in *Horton* suggests that the Seventh Circuit intended the "single-filing" doctrine to apply so broadly. In fact, such a broad application allowing plaintiffs to avoid the administrative requirements of Title VII runs counter to the Seventh Circuit's stated concern for the importance of those requirements. *Id.* at 899-900. Finally, some questions of law and fact may well overlap in the plaintiffs' cases, as all claims arise from personnel cuts subsequent to the 1995 mayoral election. The differences among the individual discrimination claims that led to the severing first from the *Barner* case and then from each other indicate, however, that while the facts of each claim may be causally linked they are not the "same facts." Plaintiffs' motion for reconsideration is denied.

C.

Defendants also move for certification of the September 29 Order for interlocutory appeal under 28 U.S.C. § 1292(b). Denial

4

of a motion to dismiss is not a final decision that is immediately appealable under 28 U.S.C. § 1291. *Cherry v. Univ. of Wisc. Sys. Bd. of Regents*, 265 F.3d 541, 546 (7th Cir. 2001). However, under 28 U.S.C. § 1292(b), when I am "of the opinion" that immediate appeal of an order involving a controlling question of law may materially advance the ultimate termination of the litigation, I shall so state in writing in such an order, giving the appellate court discretionary jurisdiction to hear an interlocutory appeal.

Four requirements must be met before I may certify an order for immediate appeal under § 1292(b). First, there must be a question of law; second, it must be controlling; third, it must be contestable; and fourth, its resolution must promise to speed up the litigation. *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675-76 (7th Cir. 2000). Defendants move for certification of the question of whether the statute of limitations for class members' individual claims of discrimination remain tolled throughout the liability phase of a pattern or practice class action. This is a question of law within the meaning of § 1292 because it is "an abstract legal issue" that "the court of appeals could decide quickly and cleanly without having to study the record." *Id.* at 677. It is controlling because if the statutes of limitations on the individual claims were not tolled, plaintiffs' surviving claims here are untimely and must be dismissed. It is contestable because it appears to be a matter of first impression.

5

*Cf. Boim v. Quranic Literacy Inst. & Holy Land Found. for Relief & Dev.*, 291 F.3d 1000, 1007-08 (7th Cir. 2002). Finally, this question could speed up the litigation because resolution of it could head off protracted, costly litigation. *Ahrenholz*, 219 F.3d at 677. I therefore certify my September 29 Order for interlocutory appeal pursuant to § 1292(b).

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: May 27, 2004